# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| CARISA HURLEY | § | Case No. 14-07511 |
| | § | |
| Debtor | § | |

## AMENDED TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 03/04/2014 .   The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---:|
| 4. The trustee realized gross receipts of | $ | 75,000.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 21,959.00 |
| Bank service fees | | 117.21 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 4,000.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 48,923.79 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

  5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

  6. The deadline for filing non-governmental claims in this case was 07/25/2014 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

  7. The Trustee's proposed distribution is attached as **Exhibit D**.

  8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 6,800.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

  The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 6,800.00 , for a total compensation of $ 6,800.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 189.80 , for total expenses of $ 189.80 [2].

  Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/11/2019    By:/s/Peter N. Metrou, Trustee
            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 14-07511 | BWB | Judge: | Bruce W. Black | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | CARISA HURLEY | | | | Date Filed (f) or Converted (c): | 03/04/2014 (f) |
| | | | | | 341(a) Meeting Date: | 04/09/2014 |
| For Period Ending: | 04/11/2019 | | | | Claims Bar Date: | 07/25/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Debtor inherited a fractional interest in an oil w | 0.00 | 0.00 | | 0.00 | FA |
| 2. 2 acct - 5th 3rd Bank and Bank of America | 100.00 | 0.00 | | 0.00 | FA |
| 3. Furnishings | 2,000.00 | 0.00 | | 0.00 | FA |
| 4. Furniture (w/lien) | 200.00 | 0.00 | | 0.00 | FA |
| 5. Clothing | 400.00 | 0.00 | | 0.00 | FA |
| 6. 2 term policies | 0.00 | 0.00 | | 0.00 | FA |
| 7. 401K Plan | Unknown | 0.00 | | 0.00 | FA |
| 8. Claim against State of IL for Defamation in 2006 o | Unknown | 71,000.00 | | 75,000.00 | FA |
| 9. 2002 Dodge Neon (w/lien) | 1,000.00 | 0.00 | | 0.00 | FA |
| 10. 2000 Mecedes ML 320 (co-owned) | 5,000.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $8,700.00 | $71,000.00 | | $75,000.00 | $0.00 |
|---|---|---|---|---|---|

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Motion to Employ Special Counsel granted on 5/2/2014 see Dkt# 21. Special counsel handling pending defamation case. Issue of liability granted by commissioner from state of Illinois 4-10-2016. Motion to schedule hearing date on damages set. 9-12-2016. Second request for hearing date on Damages sent 1-25-2017. Status hearing in state court action 2/24/2017. Settlement in progress. Offer from Defendant and counter offer by counsel for the estate. Next state court status date is April 28th and trial will be set on that date if not yet settled. 4-5-2017 Status report-Discussions of settlement and new attorney for defense. 5-15-2017 received email from special counsel-hearing on the merits set for August 25, 2017. Next status date in state court to set rules for pre-trial memo and list of witnesses is May 26, 2017. Filed Mt to Settle 10-25-17. Motion to Settle approved on 11/3/2017. Motion to Employ accountant granted 11/3/2017. Final Settlement agreement signed 1-22-2018 funds from State not to be received until late summer or early fall. Submitted TFR to UST for approval.

Page: 2

Case 14-07511    Doc 38    Filed 04/23/19    Entered 04/23/19 11:19:28    Desc Main
Initial Projected Date of Final Report (TFR): 04/22/2020    Current Projected Date of Final Report (TFR): 02/28/2019
                        Document      Page 4 of 13

Exhibit A

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 14-07511 | Trustee Name: Peter N. Metrou, Trustee | |
| Case Name: CARISA HURLEY | Bank Name: Associated Bank | |
| | Account Number/CD#: XXXXXX1701 | |
| | Checking | |
| Taxpayer ID No: XX-XXX8348 | Blanket Bond (per case limit): $1,000,000.00 | |
| For Period Ending: 04/11/2019 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/26/18 | 8 | Susana A. Mendoza Treasurer of State of Illinois | Lawsuit proceeds | 1149-000 | $75,000.00 | | $75,000.00 |
| 12/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.38 | $74,985.62 |
| 12/12/18 | 1001 | Michael Jaskula Attorney at Law 928 Virginia Street SE Grand Rapids, MI 49506 | Distribution See Dckt # 30 | 3210-000 | | $15,000.00 | $59,985.62 |
| 12/12/18 | 1002 | Carisa Hurley | Distribution | 8100-002 | | $4,000.00 | $55,985.62 |
| 01/08/19 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $102.83 | $55,882.79 |
| 02/14/19 | | Transfer to Acct # xxxxxx0030 | Transfer of Funds | 9999-000 | | $55,882.79 | $0.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $75,000.00 | $75,000.00 |
| Less: Bank Transfers/CD's | $0.00 | $55,882.79 |
| Subtotal | $75,000.00 | $19,117.21 |
| Less: Payments to Debtors | $0.00 | $4,000.00 |
| Net | $75,000.00 | $15,117.21 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                     Page Subtotals:                  $75,000.00                $75,000.00

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 14-07511 | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|
| Case Name: | CARISA HURLEY | Bank Name: | Axos Bank |
| | | Account Number/CD#: | XXXXXX0030 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX8348 | Blanket Bond (per case limit): | $1,000,000.00 |
| For Period Ending: | 04/11/2019 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/14/19 | | Transfer from Acct # xxxxxx1701 | Transfer of Funds | 9999-000 | $55,882.79 | | $55,882.79 |
| 03/15/19 | 2001 | Department of Treasury<br>Internal Revenue Service Center<br>Kansas City, MO 64999-0148 | Distribution<br>Final Tax Return | 2810-000 | | $4,395.00 | $51,487.79 |
| 03/15/19 | 2002 | ILLINOIS DEPARTMENT OF REVENUE<br>PO Box 19053<br>Springfield, IL  62794-9053 | Distribution<br>Final Tax Return | 2820-000 | | $2,564.00 | $48,923.79 |

| | | |
|---|---|---|
| COLUMN TOTALS | $55,882.79 | $6,959.00 |
| Less: Bank Transfers/CD's | $55,882.79 | $0.00 |
| Subtotal | $0.00 | $6,959.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $6,959.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*     Page Subtotals:     $55,882.79     $6,959.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0030 - Checking | $0.00 | $6,959.00 | $48,923.79 |
| XXXXXX1701 - Checking | $75,000.00 | $15,117.21 | $0.00 |
|  | $75,000.00 | $22,076.21 | $48,923.79 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $75,000.00 |
| Total Gross Receipts: | $75,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:14-07511-BWB  
Debtor Name: CARISA HURLEY  
Claims Bar Date: 7/25/2014

Date: April 11, 2019

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 99 8100 | Carisa Hurley | Administrative Payment Status: Valid To Pay | See Dckt # 10 | $4,000.00 | $4,000.00 | $4,000.00 |
| 100 2100 | Peter N. Metrou 123 W. Washington St., Ste 216 Oswego, IL 60543 | Administrative Payment Status: Valid To Pay | | $0.00 | $6,800.00 | $6,800.00 |
| 100 2200 | Peter N. Metrou 123 W. Washington St., Ste 216 Oswego, IL 60543 | Administrative Payment Status: Valid To Pay | | $0.00 | $189.80 | $189.80 |
| 100 2810 | Department of Treasury Internal Revenue Service Center Kansas City, MO 64999-0148 | Administrative Payment Status: Valid To Pay | Final Tax Return for Estate | $0.00 | $4,395.00 | $4,395.00 |
| 100 2820 | ILLINOIS DEPARTMENT OF REVENUE PO Box 19053 Springfield, IL 62794-9053 | Administrative Payment Status: Valid To Pay | | $0.00 | $2,564.00 | $2,564.00 |
| 100 3210 | Michael Jaskula Attorney at Law 928 Virginia Street SE Grand Rapids, MI 49506 | Administrative Payment Status: Valid To Pay | See Dckt # 30 | $0.00 | $15,000.00 | $15,000.00 |
| 100 3410 | Kutchins Robbins & Diamond Ltd. Attn: Lois West 1101 Perimeter Dr., Suite 760 Schaumburg, IL 60173 | Administrative Payment Status: Valid To Pay | | $0.00 | $1,007.00 | $1,007.00 |
| 2 280 5800 | IRS PO BOX 21126 PHILADELPHIA, PA 19114 | Priority Payment Status: Valid To Pay | | $0.00 | $1,600.70 | $1,600.70 |
| 1 300 7100 | ISAC 1755 LAKE COOK ROAD DEERFIELD, IL 60015 | Unsecured Payment Status: Valid To Pay | | $0.00 | $54,360.25 | $54,360.25 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:14-07511-BWB                                                                                    Date: April 11, 2019
Debtor Name: CARISA HURLEY
Claims Bar Date: 7/25/2014

| Code # | Creditor Name And Address | Claim Class / Notes | Scheduled | Claimed | Allowed |
|---|---|---|---:|---:|---:|
| 2 300 7100 | IRS PO BOX 21126 PHILADELPHIA, PA 19114 | Unsecured Payment Status: Valid To Pay | $0.00 | $1,080.30 | $1,080.30 |
| 3 300 7100 | JEFFERSON CAPITAL SYSTEMS, LLC; PURCHASED FROM MOST FUNDING II LLC PO BOX 7999 SAINT CLOUD, MN 56302-9617 | Unsecured Payment Status: Valid To Pay | $455.00 | $455.18 | $455.18 |
| 4 300 7100 | PREMIER BANKCARD/ CHARTER P.O. Box 2208 Vacaville, CA 95696 | Unsecured Payment Status: Valid To Pay | $834.00 | $834.72 | $834.72 |
| 5 300 7100 | NICOR GAS Po box 549 Aurora, il 60507 | Unsecured Payment Status: Valid To Pay | $1,487.00 | $1,556.06 | $1,556.06 |
| 6 300 7100 | AMERICAN INFOSOURCE LP AS AGENT FOR T Mobile/T-Mobile USA Inc PO Box 248848 Oklahoma City, OK 73124-8848 | Unsecured Payment Status: Valid To Pay | $1,083.00 | $1,083.77 | $1,083.77 |
| 7 300 7100 | LVNV FUNDING, LLC ITS SUCCESSORS AND ASSIGNS AS ASSIGNEE OF FNBM, LLC RESURGENT CAPITAL SERVICES PO BOX 10587 GREENVILLE, SC 29603-0587 | Unsecured Payment Status: Valid To Pay | $891.00 | $827.21 | $827.21 |
| 8 300 7100 | JEFFERSON CAPITAL SYSTEMS LLC PURCHASED FROM COMPUCREDIT CORPORATION PO BOX 7999 SAINT CLOUD MN 56302-9617 ORIG BY: TRIBUTE CARD | Unsecured Payment Status: Valid To Pay | $758.00 | $679.39 | $679.39 |
| 9 300 7100 | JEFFERSON CAPITAL SYSTEMS LLC PURCHASED FROM COMPUCREDIT CORPORATION PO BOX 7999 SAINT CLOUD MN 56302-9617 ORIG BY: TRIBUTE CARD | Unsecured Payment Status: Valid To Pay | $637.00 | $662.57 | $662.57 |
| | Case Totals | | $10,145.00 | $97,095.95 | $97,095.95 |

Page 2                                                                                                          Printed: April 11, 2019

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:14-07511-BWB  Date: April 11, 2019
Debtor Name: CARISA HURLEY
Claims Bar Date: 7/25/2014

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-07511  
Case Name: CARISA HURLEY  
Trustee Name: Peter N. Metrou, Trustee  

| | | |
|---|---|---|
| Balance on hand | $ | 48,923.79 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou | $ 6,800.00 | $ 0.00 | $ 6,800.00 |
| Trustee Expenses: Peter N. Metrou | $ 189.80 | $ 0.00 | $ 189.80 |
| Attorney for Trustee Fees: Michael Jaskula | $ 15,000.00 | $ 15,000.00 | $ 0.00 |
| Accountant for Trustee Fees: Kutchins Robbins & Diamond Ltd. | $ 1,007.00 | $ 0.00 | $ 1,007.00 |
| Other: ILLINOIS DEPARTMENT OF REVENUE | $ 2,564.00 | $ 2,564.00 | $ 0.00 |
| Other: Department of Treasury | $ 4,395.00 | $ 4,395.00 | $ 0.00 |

| | |
|---|---|
| Total to be paid for chapter 7 administrative expenses | $ 7,996.80 |
| Remaining Balance | $ 40,926.99 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 1,600.70 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | IRS | $ 1,600.70 | $ 0.00 | $ 1,600.70 |

| | | |
|---|---|---|
| Total to be paid to priority creditors | | $ 1,600.70 |
| Remaining Balance | | $ 39,326.29 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 61,539.45 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 63.9 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | ISAC | $ 54,360.25 | $ 0.00 | $ 34,738.48 |
| 2 | IRS | $ 1,080.30 | $ 0.00 | $ 690.36 |
| 3 | JEFFERSON CAPITAL SYSTEMS, LLC; | $ 455.18 | $ 0.00 | $ 290.88 |
| 4 | PREMIER BANKCARD/ CHARTER | $ 834.72 | $ 0.00 | $ 533.42 |
| 5 | NICOR GAS | $ 1,556.06 | $ 0.00 | $ 994.39 |
| 6 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ 1,083.77 | $ 0.00 | $ 692.57 |
| 7 | LVNV FUNDING, LLC ITS SUCCESSORS AND ASSIGNS AS | $ 827.21 | $ 0.00 | $ 528.62 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 8 | JEFFERSON CAPITAL SYSTEMS LLC | $ 679.39 | $ 0.00 | $ 434.16 |
| 9 | JEFFERSON CAPITAL SYSTEMS LLC | $ 662.57 | $ 0.00 | $ 423.41 |
| | Total to be paid to timely general unsecured creditors | | | $ 39,326.29 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE